**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
CICEL (BEIJING) SCIENCE &
TECHNOLOGY CO., LTD.,

                                                              2:17 -cv 1642 (ADS) (SIL)

         Plaintiff,

      -against-

MISONIX, INC.,

         Defendant.
----------------------------------------------------------X

## ANSWER OF MISONIX, INC. TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Misonix, Inc. ("Misonix") responds to the Amended Complaint submitted by Plaintiff Cicel (Beijing) Science & Technology Co., Ltd. ("Cicel") on April 5, 2017 (ECF No. 6). Misonix denies all allegations, claims, and requests for relief in the Amended Complaint in their entirety, except as specifically admitted in the following paragraphs. Misonix reserves the right to assert all available defenses.

### THE PARTIES, JURISDICTION AND VENUE

1. Misonix admits that Plaintiff Cicel is engaged in business in China and that its business includes the distribution of medical devices in China. Misonix is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 1 and on that basis denies them.

2. Misonix admits the allegations of paragraph 2.

3. Paragraph 3 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, Misonix admits that Mr. Vizirgianakis has been the Chairman, President, and CEO of Misonix, but denies

the remainder of the allegations.

4. Paragraph 4 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, Misonix admits that Mr. Ludecker has been the Senior Vice-President of Global Sales and Marketing of Misonix, but denies the remainder of the allegations.

5. Paragraph 5 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, Misonix admits that Mr. Salerno has been the Vice-President of Regulatory Affairs of Misonix, but denies the remainder of the allegations.

6. Paragraph 6 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, Misonix admits that Mr. Zaremba has been the Vice-President of Finance of Misonix, but denies the remainder of the allegations.

7. Paragraph 7 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, Misonix admits that Mr. Miner has been a Director of Misonix, but denies the remainder of the allegations.

8. Paragraph 8 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, Misonix admits that Mr. McBrayer has been a Director of Misonix, but denies the remainder of the allegations.

9. Paragraph 9 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, Misonix admits that Mr. Patton has been a Director of Misonix, but denies the remainder of the

allegations.

10. Misonix admits the allegations of paragraph 10.

11. Misonix admits the allegations of paragraph 11.

## BACKGROUND OF THE ACTION

12. Misonix admits that this dispute arises out of a distribution contract between Misonix and Cicel to distribute Misonix products in China. To the extent paragraph 12 attempts to characterize a contract between Misonix and Cicel or a September 27, 2016 letter, no response is required as the documents speak for themselves. Misonix denies the remaining allegations of paragraph 12.

## FACTS COMMON TO ALL CLAIMS

13. Misonix admits the allegations of paragraph 13.

14. To the extent paragraph 14 attempts to characterize a contract between Misonix and Cicel, no response is required as the document speaks for itself. Misonix denies the remaining allegations of paragraph 14.

15. To the extent paragraph 15 attempts to characterize a contract between Misonix and Cicel, no response is required as the document speaks for itself. Misonix denies the remaining allegations of paragraph 15.

16. To the extent paragraph 16 attempts to characterize a contract between Misonix and Cicel, no response is required as the document speaks for itself. Misonix admits that it knew generally that Cicel used sub-distributors. Misonix is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding Cicel's business

in China and on that basis denies them. Misonix denies the remaining allegations of paragraph 16.

17. To the extent paragraph 17 attempts to characterize a contract between Misonix and Cicel, no response is required as the document speaks for itself. Misonix denies the remaining allegations of paragraph 17.

18. To the extent paragraph 18 attempts to characterize a contract between Misonix and Cicel, no response is required as the document speaks for itself. Misonix denies the remaining allegations of paragraph 18.

19. To the extent paragraph 19 attempts to characterize a contract between Misonix and Cicel, no response is required as the document speaks for itself. Misonix denies the remaining allegations of paragraph 19.

20. Misonix admits that at one point, Cicel was the top global distributor of Misonix products and that Misonix profited at the time from the sale of products to Cicel. Misonix is without knowledge or information sufficient to form a belief as to the truth of whether distribution of Misonix's products constituted 70% of Cicel's business and on that basis denies it. Misonix denies the remaining allegations of paragraph 20.

21. To the extent paragraph 21 attempts to characterize a September 27, 2016 letter, no response is required as the document speaks for itself. Misonix admits that it stopped selling product to Cicel after uncovering evidence that Cicel's business practices were inconsistent with Misonix's policies and raised concerns under the Foreign Corrupt Practices Act. Misonix denies the remaining allegations of paragraph 21.

22. Paragraph 22 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, Misonix

denies the allegations of paragraph 22.

23. Paragraph 23 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, Misonix denies the allegations of paragraph 23.

24. Paragraph 24 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, paragraph 24 attempts to characterize a document, and no response is required as the document speaks for itself. Misonix denies the remaining allegations of paragraph 24.

25. Paragraph 25 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, paragraph 25 attempts to characterize a document, and no response is required as the document speaks for itself. Misonix denies the remaining allegations of paragraph 25.

26. Paragraph 26 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, paragraph 26 attempts to characterize a document, and no response is required as the document speaks for itself. Misonix denies the remaining allegations of paragraph 26.

27. Paragraph 27 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, paragraph 27 attempts to characterize a document, and no response is required as the document speaks for itself. Misonix denies the remaining allegations of paragraph 27.

28. Paragraph 28 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, paragraph 28 attempts to characterize a document, and no response is required as the document

speaks for itself. Misonix denies the remaining allegations of paragraph 28.

29. Paragraph 29 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, paragraph 29 attempts to characterize a document, and no response is required as the document speaks for itself. Misonix denies the remaining allegations of paragraph 29.

30. Paragraph 30 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, paragraph 30 attempts to characterize a document, and no response is required as the document speaks for itself. Misonix denies the remaining allegations of paragraph 30.

31. Paragraph 31 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, paragraph 31 attempts to characterize documents, and no response is required as the documents speak for themselves. Misonix denies the remaining allegations of paragraph 31.

32. Paragraph 32 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, paragraph 32 attempts to characterize a document, and no response is required as the document speaks for itself. Misonix denies the remaining allegations of paragraph 32.

33. Paragraph 33 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, paragraph 33 attempts to characterize a document, and no response is required as the document speaks for itself. Misonix denies the remaining allegations of paragraph 33.

34. Misonix admits that it stopped selling product to Cicel after uncovering evidence that Cicel's business practices were inconsistent with Misonix's policies and raised concerns

under the Foreign Corrupt Practices Act. Misonix denies the remaining allegations of paragraph 34.

35. Paragraph 35 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, paragraph 35 attempts to characterize a document, and no response is required as the document speaks for itself. Misonix denies the remaining allegations of paragraph 35.

36. Misonix admits that it stopped selling product to Cicel after uncovering evidence that Cicel's business practices were inconsistent with Misonix's policies and raised concerns under the Foreign Corrupt Practices Act. To the extent paragraph 36 attempts to characterize a document, no response is required as the document speaks for itself. Misonix denies the remaining allegations of paragraph 36.

37. Misonix admits that it stopped selling product to Cicel after uncovering evidence that Cicel's business practices were inconsistent with Misonix's policies and raised concerns under the Foreign Corrupt Practices Act. To the extent paragraph 37 attempts to characterize a document, no response is required as the document speaks for itself. Misonix denies the remaining allegations of paragraph 37.

38. Paragraph 38 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, paragraph 38 attempts to characterize a document, and no response is required as the document speaks for itself. Misonix denies the remaining allegations of paragraph 38.

39. Paragraph 39 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, Misonix denies the allegations of paragraph 39.

40.     To the extent paragraph 40 attempts to characterize Misonix's SEC Form 8-K, no response is required as the document speaks for itself.  Misonix denies the remaining allegations of paragraph 40.

41.     Misonix admits that its SEC Form 8-K pertained to Cicel but denies the remaining allegations of paragraph 41.

42.     To the extent paragraph 40 attempts to characterize Misonix's SEC Form 8-K or a September 27, 2016 letter, no response is required as the documents speak for themselves.  Misonix denies the remaining allegations of paragraph 42.

43.     Paragraph 43 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required.  To the extent a response is required, paragraph 43 attempts to characterize a document, and no response is required as the document speaks for itself.  Misonix denies the remaining allegations of paragraph 43.

44.     To the extent Paragraph 44 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required.  Misonix is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Cicel's business in China and on that basis denies them.  Misonix denies the remaining allegations of paragraph 44.

**COUNT ONE: UNFAIR COMPETITION**
**(AGAINST ALL DEFENDANTS)**

45.     Misonix realleges and incorporates by reference each and every response of this Answer as though fully set forth herein.

46.     Paragraph 46 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required.  To the extent a response is required, Misonix

8

denies the allegations.

47. Paragraph 47 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, Misonix denies the allegations.

48. Paragraph 48 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, Misonix denies the allegations.

49. Paragraph 49 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, Misonix denies the allegations.

50. Paragraph 50 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, Misonix denies the allegations.

51. Paragraph 51 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, Misonix is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Cicel's business in China and on that basis denies them. Misonix denies the remaining allegations.

52. Paragraph 52 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, Misonix denies the allegations.

53. Paragraph 53 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, Misonix

denies the allegations.

## COUNT TWO: TORTIOUS INTERFERENCE WITH CONTRACT
### (AGAINST ALL DEFENDANTS)

54. Misonix realleges and incorporates by reference each and every response of this Answer as though fully set forth herein.

55. Paragraph 55 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, Misonix admits that it knew generally that Cicel used sub-distributors. Misonix is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding Cicel's business in China and on that basis denies them. Misonix denies the remaining allegations.

56. Paragraph 56 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, Misonix denies the allegations.

57. Paragraph 57 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, Misonix denies the allegations.

58. Paragraph 58 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, Misonix denies the allegations.

59. Paragraph 59 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, Misonix is without knowledge or information sufficient to form a belief as to the truth of the allegations

regarding Cicel's business in China and on that basis denies them.  Misonix denies the allegations.

60. Paragraph 60 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required.  To the extent a response is required, Misonix denies the allegations.

61. Paragraph 61 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required.  To the extent a response is required, Misonix denies the allegations.

**COUNT THREE: TORTIOUS INTERFERENCE WITH  PROSPECTIVE CONTRACT
(AGAINST ALL DEFENDANTS)**

62. Misonix realleges and incorporates by reference each and every response of this Answer as though fully set forth herein.

63. Paragraph 63 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required.  To the extent a response is required, Misonix admits that it knew generally that Cicel used sub-distributors and interacted with hospitals and government entities.  Misonix is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding Cicel's business in China and on that basis denies them.  Misonix denies the allegations.

64. Paragraph 64 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required.  To the extent a response is required, Misonix denies the allegations.

65. Paragraph 65 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required.  To the extent a response is required, Misonix

denies the allegations.

66.     Paragraph 66 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required.  To the extent a response is required, Misonix denies the allegations.

67.     Paragraph 67 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required.  To the extent a response is required, Misonix denies the allegations.

## COUNT FOUR: BREACH OF THE SOLE DISTRIBUTION AGREEMENT
## (AGAINST DEFENDANT CICEL [SIC])

68.     Misonix realleges and incorporates by reference each and every response of this Answer as though fully set forth herein.

69.     The contract between Misonix and Cicel speaks for itself.  Misonix denies the remaining allegations of paragraph 69.

70.     Misonix denies the allegations of paragraph 70.

71.     Misonix admits that it stopped selling product to Cicel after uncovering evidence that Cicel's business practices were inconsistent with Misonix's policies and raised concerns under the Foreign Corrupt Practices Act.  Misonix denies the remaining allegations of paragraph 71.

72.     Misonix denies the allegations of paragraph 72.

73.     Misonix denies the allegations of paragraph 73.

74.     Misonix denies the allegations of paragraph 74.

75.     Misonix denies the allegations of paragraph 75.

### **COUNT FIVE: CONVERSION**
### **(AGAINST ALL DEFENDANTS)**

76. Misonix realleges and incorporates by reference each and every response of this Answer as though fully set forth herein.

77. Paragraph 77 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, Misonix admits that it wrote Cicel a check for $155,426.68, which Cicel refused to cash. Misonix denies the remaining allegations of paragraph 77.

78. Paragraph 78 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, Misonix denies the allegations.

79. Paragraph 79 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, Misonix denies the allegations.

### **COUNT SIX: FRAUDULENT INDUCEMENT**
### **(AGAINST ALL DEFENDANTS)**

80. Misonix realleges and incorporates by reference each and every response of this Answer as though fully set forth herein.

81. Paragraph 81 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, Misonix denies the allegations.

82. Paragraph 82 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, Misonix

denies the allegations.

83.     Paragraph 83 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, Misonix denies the allegations.

84.     Paragraph 84 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, Misonix denies the allegations.

85.     Paragraph 85 relates to counts that were dismissed by the Court in its October 7, 2017 Order (ECF No. 15); no response is required. To the extent a response is required, Misonix denies the allegations.

## REQUESTS FOR RELIEF

The allegations set forth on pages 20-21 of the Amended Complaint are requests for relief and, as such, require no response. However, to the extent a response is required, Misonix asserts that most of these claims for relief resulted out of claims dismissed by the Court in its October 7, 2017 Order (ECF No. 15). Misonix asserts that Cicel is not entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

Misonix sets forth the following affirmative and other defenses. Misonix does not intend to assume the burden of proof with respect to those matters as to which, pursuant to law, Cicel bears the burden. Misonix reserves the right to assert any and all defenses allowable by law and/or that may become available. By listing certain defenses herein, Misonix does not waive

any other defenses that may apply.

1. Cicel's claims fail to constitute a claim upon which relief can be granted.

2. Cicel's claims are barred in whole or part because it breached the contract and therefore has no claim.

3. Cicel's claims are barred in whole or part by the doctrine of unclean hands.

4. Cicel's claims are barred in whole or part by laches.

5. Cicel's claims are barred in whole or part by waiver.

6. Cicel's claims are barred in whole or part by estoppel.

7. Cicel's claims are barred in whole or part by fraud.

8. Cicel's claims are barred in whole or part by the doctrine of illegality.

9. Cicel's claims are barred in whole or part by public policy.

10. Cicel's claims are barred in whole or part by justification as Misonix's actions were legally justified.

11. Cicel's claims are barred in whole or part by impossibility.

12. Cicel's claims are barred in whole or part by the doctrine of *in pari delicto*.

        Respectfully submitted,

        WILLIAMS AND CONNOLLY LLP

        By: /s/ Alexander S. Zolan
            Alexander S. Zolan
            1330 Avenue of the Americas, Suite 23A
            New York, NY 10019
            Telephone: (202) 434-5000
            E-Mail: Azolan@wc.com

Case 2:17-cv-01642-ADS-SIL   Document 17   Filed 11/02/17   Page 15 of 16 PageID #: 355

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Answer to Plaintiff's Amended Complaint was sent via ECF this 2nd day of November, 2017, to:

Dean T. Cho
DEHENG CHEN, LLC
233 Broadway, Suite 2200
New York, New York 10279
(718) 344-8188

*Attorney for Plaintiff*

                                                        /s/ Alexander S. Zolan
                                                        Alexander S. Zolan