# ReedSmith
**Driving progress through partnership**

**Jennifer L. Achilles**
Direct Phone: +1 212 521 5412
Email: jachilles@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

March 27, 2019

**VIA ECF**

Hon. Steven I. Locke
United States District Court Magistrate Judge
100 Federal Plaza, Courtroom 820
Central Islip, NY 11722

> *Re:* **Plaintiff's Letter Motion for a Protective Order Requiring Depositions of Lily Jiang, Sunny Li, and Simon Liu by Videoconference in** *Cicel (Beijing) Science & Technology Co., Ltd. v. Misonix, Inc.*, **Case No. 2:17-cv-01642-ADS-SIL (E.D.N.Y.)**

Dear Magistrate Judge Locke:

We represent plaintiff Cicel (Beijing) Science & Technology Co., Ltd. ("Plaintiff" or "Cicel") in the above-referenced action. Pursuant to Rule 4(A)(i) of Your Honor's Individual Motion Practices and Rules 26(c)(1)(B) and 30(b)(4) of the Federal Rules of Civil Procedure, we write to move for a protective order providing that the depositions of Cicel witnesses Lily Jiang, Sunny Li, and Simon Liu noticed by defendant Misonix, Inc. ("Defendant" or "Misonix") proceed in Beijing, China by videoconference.

Pursuant to Rule 4(A)(i) of Your Honor's Individual Motion Practices and Rule 37.3(a) of the Local Civil Rules of the Eastern District of New York, we participated in a telephonic meet and confer with counsel for Misonix on March 27, 2019 in an effort to resolve the dispute. Misonix has refused to consent to depose Cicel's witnesses by videoconference.

Factual Background

Misonix has issued deposition notices for Cicel witnesses Lily Jiang, Sunny Li, and Simon Liu, all of whom live in Bejing, China. The deposition notices specify that the depositions will take place in early April at Williams & Connolly's office in New York. Although Misonix has agreed to take the depositions of Ms. Li and Mr. Liu during the month of May rather than April, Misonix has refused to depose the witnesses by videoconference because (i) with respect to Ms. Jiang, she will be on the West Coast of the United States for a professional conference in mid-April; and (ii) with respect to all three witnesses, Cicel chose to bring its lawsuit against Misonix in New York.

Relevant Law

Rule 26(c)(1)(B) of the Federal Rules of Civil Procedure provides that the court may, for good cause, issue an order to protect a party or person from undue burden or expense, including specifying the time and place or the allocation of expenses, for the disclosure or discovery. In addition, Rule 30(b)(4)

of the Federal Rules of Civil Procedure provides that the court may, on motion, order that a deposition be taken by telephone or other remote means.

This Court has recognized that "[s]ince Rule 30(b)(4) does not specify the standards to be considered in determining whether to grant a request . . ., the decision . . . is left to the discretion of the Court, which must balance claims of prejudice and those of hardship." *RP Family, Inc. v. Commonwealth Land Title Ins. Co.*, No. 10 CV 1149 DLI CLP, 2011 WL 6020154 (E.D.N.Y. Nov. 30, 2011) (internal quotation marks and citations omitted); *accord Usov v. Lazar*, No. 13 CIV. 818, 2015 WL 5052497, at *1 (S.D.N.Y. Aug. 25, 2015). In general, this Court and other "courts have universally recognized that depositions conducted remotely are a valid, reliable, efficient, and cost-effective method of obtaining required discovery without needless expense." *Uni-Sys., LLC v. U.S. Tennis Ass'n*, No. 17CV147KAMCLP, 2018 WL 1335354, at *4 (E.D.N.Y. Mar. 15, 2018) (collecting cases).

Argument

This Court recently extended the deadline for the parties to complete depositions in this case from May 15 to May 29, 2019. With respect to the deposition of Ms. Jiang, Cicel's position is that the deposition should take place sometime during the month of May by videoconference from a mutually-agreeable location in Beijing. Although we had initially agreed with Misonix in good faith that Ms. Jiang's deposition could take place on April 18 or 19 given that she will be in the U.S. at that time, we have reconsidered our position because it would be both expensive and inconvenient for her to travel to New York. Additionally, it is more efficient for both parties if Ms. Jiang is deposed in May rather than April because it will decrease the likelihood of any claimed prejudice in the event Cicel's motion for leave to amend its complaint is granted. Cicel has already provided Misonix with a copy of its proposed Second Amended Complaint and plans to file its motion for leave to amend on March 28, 2019 so that the motion will be fully briefed by April 18, 2019.[1]

With respect to the depositions of Ms. Jiang, Ms. Li, and Mr. Liu, Cicel's position is that all three depositions should take place by videoconference from a mutually-agreeable location in Beijing. Misonix's position is that Cicel's witnesses should be deposed here because Cicel chose to bring its lawsuit against Misonix in New York and it is entitled to take depositions in person. As an initial matter, Cicel had no choice but to sue Misonix in New York given the forum selection clause in the parties' contract, and the fact that Misonix is located here. Allowing the depositions to take place in New York would impose significant burden and expense on Cicel because each of these witnesses lives in China and, although Ms. Jiang will be on the West Coast in mid-April, none of the witnesses has any plans to be in New York during the months of April or May.

Courts in this circuit have recognized that the harm to defendants in conducting a deposition via videoconference is "negligible." *Usov*, 2015 WL 5052497, at *2. Indeed, "[a]lthough a party's ability to observe a deponent in person does have value, the inability to do so is a problem with any remote deposition, and remote depositions are a presumptively valid means of discovery." *Id.* (internal quotation marks omitted). Moreover, conducting the deposition by videoconference, rather than by telephone, would "minimize any prejudice" by allowing the Defendant to view the deponents' demeanor during questioning. *Id.*

---

[1] Although this Court extended Cicel's deadline to file that motion to April 29, 2019, we have endeavored in good faith to move as quickly as possible to avoid delay.

This Court has previously granted a similar motion for a protective order allowing a plaintiff to sit for a video deposition in China notwithstanding the fact that the plaintiff in that case had brought the lawsuit in New York. *See Ji v. Jling Inc. et al,* 15-cv-04194-JMA-SIL, Dkt. No. 49.

Indeed, the overwhelming weight of authority from U.S. District Courts in the Eastern and Southern Districts of New York supports granting a plaintiff's motion for a protective order allowing a deposition to be taken by videoconference notwithstanding the fact that the plaintiff sued in New York. *See, e.g., Jibowu v. Target Corp.*, No. 17CV3875PKCCLP, 2018 WL 5282944, at *2 (E.D.N.Y. Sept. 17, 2018) (requiring defendants to depose opt-in plaintiffs in FLSA lawsuit "in or near the locations of their respective residences, or conduct the depositions via telephone or videoconference as permitted by the Federal Rules of Civil Procedure"); *Packard v. City of New York*, 326 F.R.D. 66, 68 (S.D.N.Y. 2018) (finding that plaintiff established that it would be a burden to travel to New York for his deposition and granting his motion for a protective order giving him "the option of having his deposition taken by videoconference from Taiwan"); *Tangtiwatanapaibul v. Tom & Toon Inc.*, No. 117CV00816LGSKHP, 2017 WL 10456190, at *4 (S.D.N.Y. Nov. 22, 2017) (granting plaintiffs' motion for "depositions by videoconference (via FaceTime, Skype, or similar application)" from Laos); *Koch v. Pechota*, No. 10 CIV. 9152, 2012 WL 2402577, at *7 (S.D.N.Y. June 26, 2012) (considering the cost, convenience, and litigation efficiency and finding that "the deposition of [plaintiff] should commence in the Czech Republic via videoconference").

We respectfully request that this Court issue a protective order requiring Misonix to take the depositions of Cicel witnesses Lily Jiang, Sunny Li, and Simon Liu from China by videoconference. We appreciate the Court's time and consideration of this matter.

Respectfully submitted,

**REED SMITH LLP**

By: /s/ Jennifer L. Achilles
    Jennifer L. Achilles
    JAchilles@reedsmith.com
    Jonathan P. Gordon
    Jonathan.Gordon@reedsmith.com

599 Lexington Avenue
New York, New York 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450

*Attorneys for Plaintiff Cicel (Beijing) Science & Technology Co., Ltd.*

cc:    All Counsel of Record via ECF